```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | | |
|---|---|---|
| CHARLES WILLY ALPINE, | § | |
| TDCJ-CID No.1422624, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-51 |
| | § | |
| JANET KROCKER, *et al.*, | § | |
| Defendants. | § | |

## ORDER

While a pre-trial detainee in the Harris County, Texas Jail, state inmate Charles Willy Alpine filed a civil rights complaint, seeking relief on speedy trial grounds and $50,000 in compensatory damages. (Docket Entry No.1). The Court construed the complaint to be a petition filed pursuant to 28 U.S.C. § 2241 and ordered the Clerk to re-designate the pleading as a petition for writ of habeas corpus. (Docket Entry No.4). The Court then dismissed the petition because petitioner's subsequent conviction rendered the petition moot. Alternatively, the Court found that petitioner had failed to exhaust his state remedies and failed to show that he should be excused from the exhaustion requirement. (Docket Entry No.4).

Pending is petitioner's "Motion to Remand," (Docket Entry No.8), which the Court construes to be a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a district court may relieve a party from final judgment on the basis of (1) mistake, inadvertence,

surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b). Petitioner seeks to correct the Court's judgment because the Court did not attribute his speedy trial claim to the Federal Criminal Code and Rules. (Docket Entry No.8). Petitioner, however, was not tried in federal court and was not convicted of a federal crime; therefore, the Federal Criminal Code and Rules are inapplicable to him or to his trial in state court. To the extent the Court did not attribute petitioner's claim to the Federal Criminal Code and Rules, such error does not entitle petitioner to relief under Rule 60(b). Accordingly, the Court DENIES petitioner's Motion to Remand. (Docket Entry No.8).

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on ___May 5___, 2007.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE